IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | § | |
|---|---|---|
| SHANE YEAGIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-181 |
| | § | |
| ONALASKA POLICE DEPT., *et al.*, | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Shane Yeagin, a pre-trial detainee currently confined at the Polk County Jail, proceeding *pro se*, filed this civil rights action against Defendants Onalaska Police Department, Police Officer Simmon Prince, and Chief of Police Jessica Stanton.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Plaintiff complains Defendant Prince violated his Fourth Amendment rights on February 15, 2021, when the defendant asked Plaintiff to get out of his vehicle and identify himself. Plaintiff complains Defendant Prince threatened him with violence and removed Plaintiff from the vehicle without his consent. In addition, Plaintiff asserts Defendant Prince conducted a search of his vehicle without his consent and took his identification and cell phone. Plaintiff states further that Defendant Prince forced him with violence to open his cell phone while Defendant Prince went through it and than confiscated the phone. Finally, Plaintiff complains Defendant Prince also kept his medication.

<u>Standard of Review</u>

A lawsuit shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if the action or appeal is (1) frivolous or malicious or (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982 (5th Cir. 2009) (per curiam) (not designated for publication) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam)). The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under § 1915 when it is based on "an indisputably meritless legal theory." *Id*. at 327; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which

relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Ass'n.,* 987 F.2d 278, 284 (5th Cir. 1993).

Discussion

**1.   Non-Jural Entity**

Plaintiff sues the Onalaska Police Department. The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b); *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). In order for a plaintiff to sue a department of a city or county, that department must enjoy a separate legal existence. *Darby*, 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.* A department of county government cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority." *Alcala v. Dallas County Sheriff's Department*, 988 F.2d 1210, 1210 (5th 1993) (quoting *Darby*, 939 F.2d at 313-14).

Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g., Bridges v. Rossi*, No. 3:96cv488, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (holding that Dallas Police Department lacks jural existence and the capacity to be sued); *Magnett v. Dallas County Sheriff's Department*, No. 3:96cv3191, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (holding that neither the Dallas County Sheriff's Department nor the Dallas County Sheriff's Department Detention Services Bureau has the legal authority to engage in separate litigation); *Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D. Tex. 1996)

(holding that county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued).

Plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314. However, Plaintiff has failed to allege or demonstrate that the Onalaska Police Department is a separate legal entity having jural authority. Accordingly, Plaintiff's claims against this entity should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

2.    **Defendant Jessica Stanton**

"Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff's Original Complaint contains conclusory allegations against Chief of Police Jessican Stanton. Plaintiff alleges only that Defendant Stanton "allowed Simmon Prince [to] violate my 4th adments [sic] rights." (Doc. #1.) Plaintiff has thus failed to allege any personal involvement by Defendant Stanton. Moreover, Plaintiff also fails to put forth any factual allegations relating to an official-capacity or municipal liability claim. Local governments cannot be sued for constitutional violations caused by employees unless the injury results from an official "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A *Monell* claim thus contains three elements: "(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018). Claims against municipal officers in their official capacity are indistinguishable from claims against the municipality itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Harmon v. Dallas Cnty.*, 927 F.3d 884, 891 (5th Cir. 2019). Plaintiff puts forth

no such allegations. Plaintiff's claims against Defendant Stanton as Chief of Police should be dismissed as frivolous and for failure to state a claim.

**3.     Statute of Limitations**

A claim is time-barred and subject to dismissal under Rule 12(b)(6) where the claim was clearly filed after the applicable statute of limitations had run and it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule. *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366–70 (5th Cir. 1994). The statute of limitations for claims brought under § 1983 is determined by looking to the forum state's limitations period for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the statute of limitations for a § 1983 claim is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

The statute of limitations begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know of the injury. *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020). In the present case, Plaintiff alleges the defendants violated his constitutional rights on February 15, 2021. Plaintiff, however, did not file his complaint until July 10, 2023, approximately five months past the two year statute of limitations. As such, Plaintiff's complaint should be dismissed as time-barred and dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>Recommendation</u>

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed with prejudice as frivolous and for failure to state a claim.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE